UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. PIGEON, an individual, TWP CONSULTING, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN SKYWAYS, INC., a Colorado Corporation and DOES 1 to 100,<br><br>Defendants. | Case No.: 14-cv-1813 JLS (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE**<br><br>(ECF No. 85) |

Presently before the Court are Defendant's Motions in Limine ("MIL"), (ECF No. 85), and Plaintiffs' Response in Opposition to Defendant's Motions in Limine ("Opp'n"), (ECF No. 86). The Court held a hearing on these Motions on April 27, 2017, and took the Motions under submission at the conclusion of the hearing. (ECF No. 87.) Having considered the Parties' arguments and the law, the Court rules as follows.

**LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "In the case of a jury trial, a court's ruling . . . gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the

jury." *Id.* at 1111–12. However, any ruling on a motion in limine is necessarily tentative in nature; a "district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

## ANALYSIS

Defendant's first Motion in Limine seeks to exclude "[a]ny reference or mention of the FAA's temporary revocation of Defendant's Repair Station Certification that was in effect from approximately June 3, 2013 to August 21, 2013." (MIL 2.) In particular, Defendant argues that Defendant's temporary sanction is wholly separate from Plaintiffs' allegations regarding the two "Subject Engines" because Plaintiffs purchased the Subject Engines two months *after* the temporary sanction was removed. (*Id.*)

Plaintiffs respond that they seek to offer evidence of the revocation solely in support of their cause of action for "Misrepresentation." (Opp'n 4.) Specifically, pursuant to the Code of Federal Regulations, a repair station without a certificate generally may not rebuild or repair an aircraft engine, and Plaintiffs allege that Defendant concealed the revocation—which was in effect during the Parties' initial negotiations regarding the purchase of the engine—all the way "until almost six months after the purchase was consummated." (*Id.* at 4–5.) Plaintiffs further allege that the revocation was "for cause," and note that they intend to introduce evidence that during the revocation period Plaintiffs had a twenty-one–minute telephone conversation with one of Defendant's representatives during which they negotiated the terms of purchase of the two Subject Engines, but during which Defendant did not mention the emergency revocation. (*Id.* at 6–7.)

Given the foregoing, the Court **DENIES** Defendant's first motion. Specifically, although Plaintiffs' cause of action is entitled "misrepresentation," Plaintiffs seemingly intend to attempt to prove the elements of fraud, which the Colorado courts have at times defined to include "misrepresentation." And a cause of action for fraud under Colorado law requires a showing of the concealment of a material fact which "in equity and good conscience should have been disclosed." (*E.g.*, *Black v. First Fed. Sav. & Loan Ass'n of*

*Fargo, N.D., F.A.*, 830 P.2d 1103, 1113 (Colo. App. 1992).) Finally, the Emergency Revocation explains that the "[e]mergency action in this case is a safety measure that provides immediate protection to the public." (Pl.'s Request for to File First Am. Compl. Ex. A, ECF No. 32, at 16.)

Taking the foregoing in concert, it appears that the revocation could be more relevant than prejudicial, at least as the evidence would apply to certain elements of a cause of action for fraud.

Defendant's second Motion in Limine seeks to exclude "[a]ny reference or mention of evidence of any aspect of the Subject Engines' performance or failure from any witness not providing sworn testimony at trial or by deposition." (MIL 2–3.) The Court **GRANTS** Defendant's second Motion, but only insofar as it does not ask the Court to preclude evidence from unavailable witnesses that fall within a relevant hearsay exception. Specifically, Plaintiffs note two witnesses—John McCullough and Igor Artemeyov—who are unavailable but whose testimony allegedly qualify, respectively, as "recorded recollection" and "present sense impression" exceptions to the general hearsay prohibition. (Opp'n 9–10.) Although the Court does not currently have sufficient facts to determine if these hearsay exceptions are validly met, the Court nonetheless notes that both of Plaintiffs' asserted exceptions seem inapplicable to the present facts. The "past recollection recorded" exception does not appear to be met given that the relevant witness—who is now dead—will be unable to affirm the truth and reliability of the recorded recollection. *See, e.g.*, *J. C. Penney Co. v. N. L. R. B.*, 384 F.2d 479, 484 (10th Cir. 1967) ("To meet the accepted standards of admissibility, the trial court must also be satisfied the writing was made at a time when the events were fresh in the writer's mind and the witness must verify the writing's authenticity and truthfulness."). And the "present sense impression" exception also does not appear to be met given that Plaintiffs indicate the relevant witness created his document only "within a day" after the engine failed, whereas the present sense impression exception usually requires a much tighter timeline. *See, e.g.*, *United States v. Green*, 556 F.3d 151, 155 (3d Cir. 2009) (" 'The idea of immediacy lies at the heart of the exception,'

thus, the time requirement underlying the exception 'is strict because it is the factor that assures trustworthiness.'" (citing 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:67, 559, 562 (3d ed. 2007))).

Defendant's third Motion in Limine seeks to exclude "[a]ny reference or mention of any evidence or information regarding any other prior wrongs or alleged prior wrongful acts of Defendant or Defendant's representatives that are not directly related to this lawsuit, specifically including, but not limited to, alleged or actual violations of FAA regulations or requirements." (MIL 3.) The Court **GRANTS** Defendant's third MIL. Plaintiffs argue that character evidence is admissible when a person's character or character trait is an essential element of a charge, claim, or defense. (Opp'n 11–12.) However, Plaintiffs' only claims are for negligence, product liability, breach of contract, and "misrepresentation," and to admit evidence of prior negligent acts to bolster the conclusion that Defendant acted negligently in this particular instance would likely be impermissible.

Defendant's fourth Motion in Limine seeks to exclude "[a]ny attempt to solicit testimony from Plaintiffs' representatives or other witnesses who are not designated experts that would seek to place an expert definition of 'excessive' oil consumption as it relates to either of the Subject Engines." (MIL 3.) The Court **DENIES** Defendant's fourth MIL. Plaintiffs indicate that they seek to introduce testimony from Plaintiffs' pilot and mechanic witnesses regarding "written and oral assurances provided by Defendant regarding 'reasonable' oil consumption, rationally based on their perceptions of those assurances." (Opp'n 13.) The testimony will also address "actions and repairs taken by Defendant when the 'oil consumption as recorded' was reported to Defendant." (*Id.*) The testimony therefore likely will only concern issues that are not based on scientific, technical, or other specialized knowledge, and non-experts may testify to such matters.

Defendant's fifteenth Motion in Limine seeks to exclude "[a]ny mention, reference to, or testimony from Plaintiffs advising the jury what they think the law is, what it should be, or what Defendant must show to prevail in this case." (MIL 6.) The Court **GRANTS** Defendant fifteenth MIL, but not insofar as the MIL would preclude Plaintiffs from

4

14-cv-1813 JLS (KSC)

introducing relevant Code of Federal Regulation Sections going to alleged *negligence per se* on behalf of Defendant.

All of Defendant's remaining Motions in Limine—five through fourteen and sixteen through twenty-four—seek to exclude many different types of evidence and argumentation without providing any meaningful specificity to the facts of this case. (*See* MIL 3–8.) Accordingly, the Court **DENIES** these Motions in Limine. The Court, of course, will at all times attempt to adhere to the Federal Rules of Evidence and all other binding authority.

## CONCLUSION

Given the foregoing, the Court **GRANTS** Defendant's second, third, and fifteenth Motions in Limine—subject to the conditions outlined above—and **DENIES** all others.

**IT IS SO ORDERED.**

Dated: May 5, 2017

Hon. Janis L. Sammartino
United States District Judge