UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS W. PIGEON, an individual, TWP CONSULTING, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN SKYWAYS, INC., a Colorado Corporation and DOES 1 to 100,<br><br>Defendants. | Case No.: 14-CV-1813 JLS (KSC)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; (2) VACATING HEARING; (3) DENYING PLAINTIFFS' MOTION FOR JUDICIAL NOTICE; AND (4) SETTING SCHEDULE FOR FURTHER PROCEEDINGS**<br><br>(ECF Nos. 98, 104) |

### **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is Defendant's Second Motion for Partial Summary Judgment. ("Second MSJ," ECF No. 104-2.) Also before the Court is Plaintiffs' Response in Opposition to the Motion ("Opp'n," ECF No. 107) and Defendant's Reply in Support of the Motion. ("Reply," ECF No. 108.) For the reasons stated below, the Court **DENIES** Defendant's Motion.

### **BACKGROUND**

The pending Motion is the second partial motion for summary judgment Defendant has filed in this matter. The Court summarized the factual background of this case in its previous order (*see* "Prior Order," ECF No. 56, at 2–6) and does not repeat the background

here. As to the procedural background: in Defendant's first motion for partial summary judgment, Defendant argued, among other things, that Plaintiffs' recovery should be limited by the Gold Seal Warranty because the Gold Seal Warranty is a valid and enforceable part of the Parties' contract. ("First MSJ," ECF No. 46, at 4.) The Court denied Defendant's motion, finding there is a genuine dispute of material fact as to whether the Gold Seal Warranty is part of the agreement between the Parties. ("Prior Order," ECF No. 56, at 12.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Id.* at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248.

**ANALYSIS**

In the present Motion, Defendant argues Plaintiffs' claims for negligence, negligence per se, and product liability are barred by the economic loss rule. (Second MSJ 2.) The economic loss rule was adopted by the Colorado Supreme Court in 2000. *Town of Alma v. AZCO Const., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000). Under Colorado law, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Id.* There are "three factors that aid in determining whether the duty allegedly breached is independent of the parties' contract: (1) whether the relief sought in tort is the same as the contractual relief; (2) whether there is a recognized common law duty of care; and (3) whether the tort duty differs in any way from the contractual duty." *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 74 (Colo. 2004).

Defendant does not dispute it had a common law duty of care to Plaintiffs but argues this duty of care is the "precise duty encompassed in the Gold Seal Warranty or implied warranties between Plaintiffs and Defendant." (Reply 5.) Defendant argues because the duties are the same under either the express warranty or the implied warranties of merchantability and fitness for a particular purpose, the economic loss rule bars Plaintiffs' tort claims. Plaintiffs argue, "whether [these] implied warranties were integrated into the contract turns on whether the Gold Seal Warranty, which purports to waive[] or exclude all implied warranties, is part of the contract. . . . [and] this issue is one for the jury to decide." (Opp'n 3.) The Court agrees with Plaintiffs.

As to the Gold Seal Warranty: The Court finds the issue of whether the economic loss doctrine bars Plaintiffs' claims due to the duty in the Gold Seal Warranty requires the determination of the issue the Court has previously found to be for the jury: whether the Gold Seal Warranty is part of the Parties' agreement. The Court cannot determine how the

3

14-CV-1813 JLS (KSC)

Gold Seal Warranty applies to the economic loss doctrine if it has not yet been determined if the Gold Seal Warranty is even part of the Parties' agreement.

<u>As to the implied warranties:</u> The warranties of merchantability and fitness for a particular purpose are implied in every contract for the sale of goods unless expressly excluded. *See* COLO. REV. STAT. ANN. §§ 4-2-314, 4-2-315, 4-2-316. "[T]o exclude or modify the implied warranty of merchantability or any part of it, the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous." COLO. REV. STAT. ANN. § 4-2-316.

The Gold Seal Warranty contains waivers of the very implied warranties on which Defendant, in part, bases its Motion. (*See* ECF No. 46-5, at 13 ("ALL IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF FITNESS AND MERCHANTABILITY FOR A PARTICULAR PURPOSE ARE HEREBY DISCLAIMED TO THE EXTENT LOCAL LAWS ALLOW DISCLAIMERS.")). Before the Court can determine whether or not the implied warranties bar Plaintiffs' claims under the economic loss rule, it would need to be determined whether or not these implied warranties have been effectively waived under Colorado law.[1] And before this could even be determined, the jury would need to determine whether the Gold Seal Warranty is part of the Parties' agreement in the first place.

## CONCLUSION

Thus, the Court determines Defendant's Second Motion for Summary Judgment is not ripe for determination and **DENIES** Defendant's Motion.

\ \ \

\ \ \

---

[1] In its Motion, Defendant does not ask the Court to determine whether these warranties have been effectively waived and only vaguely touches on the issue of whether the warranties are included at all. (*See* Second MSJ 3 ("To the extent that the contract included the implied warranties of merchantability and fitness for a particular purpose . . . .")). But Defendant's Motion, by requesting the Court hold that the implied warranties bar Plaintiffs' claims, seems to assume the implied warranties were not waived.

## PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

Also presently before the Court is Plaintiffs' Motion for Judicial Notice ("MJN," ECF No. 98) and Defendant's Opposition to Plaintiffs' Motion ("Opp'n to MJN," ECF No. 100.) Plaintiffs request the Court take judicial notice of various "legislative facts:" 49 U.S.C § 40103; 5 U.S.C § 553; *Chevron U.S.A., Inc. v. Nat. Res. Def. Counsel*; 14 C.F.R. §§ 43.2, 43.9, 43.11, 43.13; 145.221, and 65.95; and 18 U.S.C. § 38. (MJN 1–8.)

This Court can consider legal authority without judicially noticing the opinions. *McVey v. McVey*, 26 F. Supp. 3d 980, 984–85 (C.D. Cal. 2014). Judicial notice is reserved for notice of adjudicative facts only. Fed. R. Evid. 201(a). Accordingly, the Court **DENIES** Plaintiffs' Motion for Judicial Notice. The Court will review and consider all legal authority the parties cite in their trial briefs.

## SCHEDULE FOR FURTHER PROCEEDINGS

1. The Court **VACATES** the hearing set for October 26, 2017 at 1:30 p.m.
2. <u>On or before November 20, 2017</u>, the Parties **MUST** file with the Court:
   a. One set of joint proposed jury instructions that complies with the Court's direction from the August 10, 2017 pretrial conference. To the extent one party objects to a given jury instruction in the joint set, that party is to note its objection on the joint document;
   b. One joint statement of the case;
   c. One joint witness list;
   d. One joint exhibit list;
   e. One proposed verdict form;
   f. Proposed voir dire questions (one per side).[2]

---

[2] As the Court noted at the previous pretrial conference on December 1, 2016, voir dire of 20-30 minutes will be allowed per each side.

3. The pre-trial conference scheduled for <u>November 29, 2017 at 9:30 a.m.</u> remains on calendar.

4. <u>On or before December 20, 2017</u>, each party must file its trial brief with the Court.

5. The jury trial scheduled for <u>January 8, 9, 10, 11, 16, 17, 18, and 22, 2018</u> remains on calendar.

**IT IS SO ORDERED.**

Dated: October 5, 2017

*/s/ Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge